```
                   IN THE UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| NELSON SALCEDO, JR. | HONORABLE JEROME B. SIMANDLE |
| Petitioner, | Civil No. 04-4529 (JBS) |
| v. | **MEMORANDUM OPINION** |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

APPEARANCES:

Nelson Salcedo, Jr. #40389-050
FCI Fairton
P.O. Box 420
Fairton, NJ 08320
    Petitioner Pro Se

Christopher Christie
United States Attorney
    By:  William E. Fitzpatrick
        Assistant United States Attorney
Camden Federal Building & U.S. Courthouse
401 Market Street, 4th Floor
Camden, NJ 08101

**SIMANDLE**, District Judge:

    I.  Introduction

    This is Petitioner Nelson Salcedo's petition for a writ of habeas corpus pursuant to 28 U.S.C § 2255.  Petitioner is currently serving a sentence of 150 months following his guilty plea to conspiracy to distribute and possess with intent to distribute more than 5 kilograms of cocaine and more than 50 grams of crack cocaine.  First, Petitioner argues that he should be re-sentenced in accordance with United States v. Booker, 125

S. Ct. 738 (2005).  Second, Petitioner collaterally attacks his sentence on the grounds that the government breached his plea agreement.

Petitioner's first claim fails because Booker does not apply retroactively.  Petitioner's second argument also fails because he has not established cause and prejudice to excuse his double procedural default.  Accordingly, the instant habeas petition will be denied.

II.  Background

On September 18, 2001, Petitioner pled guilty before the undersigned to the charge of conspiracy to distribute and possess with the intent to distribute cocaine and crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846.  The plea agreement stipulated that, among other things, the amount of drugs in question resulted in a Base Offense Level of 38 for purposes of calculating his sentence under the United States Sentencing Guidelines.  Additionally, the parties stipulated to a three level reduction for Petitioner's acceptance of responsibility and for timely notifying the government of his intention to plead guilty.  (Pl. Agr. at 7.)  The plea agreement was silent to any other guideline adjustments or departures.

Thereafter, a Presentence Report was prepared by the United States Probation Office.  The Presentence Report corresponded with the plea agreement in that it recommended a Base Offense

Level of 38 and that Plaintiff should receive a three level reduction for acceptance of responsibility.  However, the Probation Office also assigned a three level enhancement for the managerial role that Petitioner assumed within the conspiracy pursuant to U.S.S.G. § 3B1.1(b).  This resulted in raising the base offense level back to 38, a criminal history category of I, and a guideline range of 235 to 293 months.  (Res. Br. at 5.)

On May 24, 2002, the Court conducted a sentencing hearing at which Petitioner objected to the three level increase accompanying his designation as a manager.  The Court overruled the objection and found the proper sentencing range was indeed between 235 and 293 months imprisonment.  The United States then filed a motion for a downward departure due to Petitioner's substantial assistance in the investigation and prosecution of others.  This motion was granted and Petitioner was sentenced to term of imprisonment of 150 months.

Petitioner filed a timely appeal to the United States Court of Appeals for the Third Circuit challenging, among other things, the three level enhancement for his role as a manager.  The appeal was denied and Petitioner's judgement became final 90 days later on or about April 20, 2004.  Sup. Ct. R. 13(1).  On September 20, 2004, Petitioner filed a writ of habeas corpus pursuant to 28 U.S.C. § 2255.  Then, on November, 18, 2004, the Court issued a notice to Petitioner pursuant to <u>United States v.</u>

Miller, 197 F.3d 644 (3d Cir. 1999), permitting Petitioner to amend or supplement his habeas petition.  Petitioner filed the instant amended petition on February 8, 2005.

First, Petitioner argues that his sentence violates the Supreme Court's holdings in Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004), and United States v. Booker, 125 S. Ct. 738 (2005).  Specifically, Petitioner argues that his role adjustment as a manager should have been proven to a jury beyond a reasonable doubt rather than determined by the Court.  Second, Petitioner collaterally attacks his sentence on the grounds that the government breached the plea agreement by permitting a three level enhancement which was not part of the plea agreement.

Respondent argues that the Petition must be denied on both grounds.  First, Respondent argues that Petitioner's Booker claim fails because Petitioner's conviction became final before Booker was decided and the Third Circuit has held that Booker is not applied retroactively.  Second, Respondent argues that Petitioner's second ground for habeas relief, despite raising a cognizable claim, must be denied because Petitioner cannot establish cause and prejudice to excuse his failure to raise the claim in the trial court or on appeal.

III. <u>Discussion</u>

A. <u>Petitioner's Booker Claim</u>

Section 2255 allows for a prisoner in custody to petition the sentencing court to correct a sentence which was imposed in violation of the prisoner's Constitutional rights or laws of the United States.  28 U.S.C. § 2255.  Here, Petitioner is claiming a newly recognized constitutional right under the Supreme Court's decision in <u>Booker</u>, 125 S. Ct. 738.

In <u>Booker</u>, the Supreme Court's holdings in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), and <u>Blakely v. Washington</u>, 542 U.S. 296, 124 S. Ct. 2531 (2004), were extended to the Federal Sentencing Guidelines.  125 S. Ct. 756.  In <u>Apprendi</u>, the Supreme Court held that enhancing a sentence beyond the statutory maximum for factors not determined by a jury violated the Sixth Amendment.  530 U.S. at 490.  Later, the Supreme Court in <u>Blakely</u> held that in the state court system under review, any contested statutory sentencing enhancement beyond the base offense level must be proven beyond a reasonable doubt to a jury.  542 U.S. at ____, 125 S.Ct. at 2537.  Extending those holdings to the Federal Sentencing Guidelines, <u>Booker</u> held that the Federal Sentencing Guidelines are effectively advisory rather than mandatory; district courts are required to consider them but not bound to apply them.  <u>Id</u>. at 767.

5

However, The Third Circuit has explicitly held that <u>Booker</u> does not have retroactive application to cases on collateral review decided before January 12, 2005.  <u>Lloyd v. United States</u>, 407 F.3d 608 (3d Cir. 2005) (holding that although <u>Booker</u> announced a "new rule of criminal procedure," it was not a watershed rule "implicating fundamental fairness and accuracy of the criminal proceeding.")  Here, Petitioner's judgment became final on April 20, 2004.  Because <u>Booker</u> does not apply to convictions which became final before January 12, 2005, petitioner's <u>Booker</u> claim must be dismissed.

    B.  <u>Petitioner's Breach of the Plea Agreement Claim</u>

Petitioner's claim that the Government breached its plea agreement is procedurally barred because Petitioner has not demonstrated cause for his failure to raise the claim at trial or on direct appeal, and he cannot demonstrate actual prejudice resulting from the alleged breach.  In <u>United States v. Frady</u>, 456 U.S. 152 (1982), the Supreme Court held that when a defendant has failed to object to an issue at trial and then failed to raise the issue on direct appeal, a prisoner "must clear a significantly higher hurdle than would exist on direct appeal" to obtain collateral relief.  <u>Id</u>. at 166.  Accordingly, "to obtain collateral relief based on trial errors to which no contemporaneous objection was made, a convicted defendant must

6

show both (1) 'cause' excusing his double procedural default and (2) 'actual prejudice' resulting from the error of which he complains." Id. at 167-68; Bousley v. United States, 523 U.S. 614, 622 (1998). Here, for the following reasons, Petitioner has failed to demonstrate cause for his double procedural default. Also, Petitioner has failed to demonstrate how the alleged breach has caused actual prejudice. As a result, Petitioner's claim is barred.

    First, Petitioner cannot demonstrate cause. In order to obtain collateral review of an issue that was neither raised at trial nor on direct appeal, a petitioner must show "some objective factor external to the defense" that impeded his or her ability to raise the issue. Coleman v. Thompson, 501 U.S. 722, 753 (1991). "[T]he mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default." Murray, 477 U.S. at 486. Here, Petitioner had a clear opportunity to raise the claim of an allegedly breached agreement both at his sentencing hearing and on direct appeal but failed to do so. Petitioner argues that the Government breached his plea agreement when the United State Probation Office assessed a three level enhancement for his role as a manager. In fact, the plea agreement was silent as to the role enhancement.

At sentencing, the Court noted that the plea agreement was silent on the role enhancement issue and stated the Court's understanding that the parties were free to argue any position they wanted regarding the enhancement. (Sent. Tr. at 19.) The Respondent stated that the Court's understanding of the plea agreement was correct and both Petitioner and his counsel remained silent.[1] There was no external factor preventing Petitioner from raising the breach claim. Petitioner either implicitly agreed with the Court's interpretation or, at the very least, passed on an opportunity to argue an objection.

To be sure, Petitioner claims Respondent induced him to sign a plea agreement by offering an offense level reduction which would be intentionally wiped out by the role enhancement. Petitioner also claims that he instructed his attorney to bring this to the undersigned's attention, but that the attorney refused to do so. Petitioner argues that his attorney's refusal to bring Respondent's alleged misconduct to the court's attention amounted to ineffective assistance of counsel, which in turn caused his double procedural default.

---

[1] Petitioner later did object to the role enhancement, but only to the extent that the role enhancement was not supported by the facts of this case. (Sent. Tr. at 19-26.) This argument was rejected by both the undersigned and the Court of Appeals. (Res. Br. at 37.) This Court's Oral Opinion (Sent. Tr. at 26-27) found, based on the facts in the Presentence Report, that Mr. Salcedo was a supervisor in the distribution of cocaine in a group of five or more participants.

In <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), the Supreme Court held that overturning a defendant's conviction pursuant to an ineffective assistance of counsel claim requires a showing by defendant; 1) the defendant must show that counsel's performance was deficient, and 2) that the deficient performance prejudiced the defense. <u>Id</u>. at 687. The Third Circuit has held that these same standards apply where a habeas petitioner seeks vacation of a sentence. <u>United States v. Nino</u>, 878 F.2d 101, 103 (3d Cir. 1989). Thus, in addition to showing cause for his failure to bring the breach claim on direct appeal, Petitioner must establish that the breach "worked to his actual and substantial disadvantage, infecting his entire [sentencing hearing] with error . . . ." <u>Frady</u>, 456 U.S. at 170. In other words, Petitioner must show that but for the breach he would have received a lesser sentence. Petitioner has not met this requirement. To make out an ineffective assistance of counsel claim, and to excuse a double procedural default, Petitioner must demonstrate actual prejudice.

First, Petitioner has not established that his counsel's performance was deficient, since it was quite clear that the government did not breach the plea agreement. Although the parties had agreed that the total offense level should be 35 (see stipulation 5 of Sch. A of Letter of July 20, 2001, reproduced at Ex. 2 of Resp. Br.), the parties also acknowledge that the Court

9

was not bound by any of these stipulations, (id. at pages 4-5) and the government made no representation "as to what guideline range will be found applicable to the Nelson Salcedo, Jr." (id. at page 3).  The parties also agreed that "[t]hese stipulations do not restrict the government's right to respond to questions from the Court as to correct misinformation that has been provided to the Court." (Id. at page 5.)  Thus, when Mr. Salecedo, through his attorney, attempted to provide incorrect information at the sentencing hearing minimizing Mr. Salcedo's role, the government was free to offer the correct information in response to the Court's questions, as it properly did.  (See Sent. Tr., May 24, 2002 at 14:5 to 16:3, and 20:19 to 25:25, responding to Court's questions on points raised by Petitioner's counsel).  In reciting the facts of Mr. Salcedo's participation in direct response to the Court's questions, the government was well within the plea agreement, which as stated above permitted the government to respond to the Court's questions and to correct misinformation.  Accordingly, no reasonably competent defense counsel could have perceived that there was an appealable issue of a breach of the plea agreement.

Second, Petitioner has not demonstrated prejudice. Petitioner argues that he should not be subject to a "tacked on, last minute double dealing enhancement." (Pet. Ans. at 7.) Petitioner maintains that he has been actually prejudiced by the

10

three level role enhancement and that his sentence should be reduced by eliminating the effect of the enhancement. Petitioner seeks a re-sentencing in accordance with the stipulations of the original plea agreement.  At the outset, there is no prejudice because there was no reasonable argument that the government had somehow breached the plea agreement, as discerned above.

Moreover, Petitioner's argument ignores that the fact that Respondent filed motions under U.S.S.G. § 5K1.1 and 18 U.S.C. 3553(e) for a downward departure and that the Court granted a substantial downward departure, sentencing Petitioner to 150 months imprisonment.  Petitioner argues that Respondent effectively negated the effect of the sentencing departure by "tacking on" the three level enhancement.  However, the applicable sentencing range for an offense level of 35 is 168-210 months.  Even without the three level enhancement, Petitioner's 150 month sentence falls below the 168 month minimum suggested range for an offense level of 35.

Furthermore, Respondent's motions for a downward departure resulted in a lower sentence than what was called for in the plea agreement.  As such, Petitioner was not actually prejudiced by the alleged breach of the plea agreement.  Because Petitioner has failed to show cause for his failure to raise the breach claim at trial or on direct appeal and demonstrate that he was actually prejudiced by the alleged breach, his petition will be denied.

11

IV. <u>Conclusion</u>

For the reasons expressed in this Opinion, the Court will deny Petitioner's application for § 2255 relief. The accompanying Order is entered.

<u>**October 13, 2005**</u>             <u>s/ Jerome B. Simandle</u>
DATE                               JEROME B. SIMANDLE
                         United States District Judge

12